**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| **v.** | ) | **CRIMINAL ACTION No. 23-22-KD-MU** |
| | ) | |
| **RANDY GAJADHAR,** | ) | **CIVIL ACTION No. 24-00008-KD-MU** |
| | ) | |
| **Defendant.** | ) | |

**ORDER**

This action is before the Court on Petitioner Randy Gajadhar's Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255, (Doc. 239), the United States' Response, (Doc. 250), and Gajadhar's Reply, (Doc. 252). Gajadhar brought this Motion on the following grounds:

1. Ineffective Assistance of Counsel,
2. Government Failed to Establish Subject Matter Jurisdiction,
3. Government Failed to Establish Statutory Jurisdiction pursuant to 46 U.S.C. §70502(d)(1), and
4. Government Violated Rule 5(a) by failing to defendant before a magistrate judge or judge "without unnecessary delay."

(Doc. 239).

Each claim is **DENIED** for the reasons stated below. The Court also ADOPTS the United States' Response as the reasoning of the Court, with the exception of any assertion of procedural default.[1]

[1] Specifically, the United States asserts that Gajadhar's request for dismissal of his indictment for violations of Fed. R. Crim. P. 5 is procedurally defaulted. However, the Court's dismissal is not based on default. See, *infra*.

First, Gajadhar claims ineffective assistance of counsel and summarily asserts that his counsel did not adequately negotiate a plea agreement or inform him of his defenses.[2] Gajadhar claims that if he would have known his defenses, he would not have pleaded guilty. For Gajadhar to establish ineffective assistance of counsel, he would need to prove his counsel's deficient performance was not objectively reasonable and that but for the deficiencies in counsel, he would not have pleaded guilty or been sentenced as he was. Strickland v. Washington, 466 U.S. 668, 694 (1984). Gajadhar did not provide any specific defenses in his Motion or his Reply that he believes his counsel should have raised. Nor did he cite to any defenses that if raised would have changed his decision to plead guilty. (To the extent Gajadhar is referring to defenses concerning jurisdiction, the merits of such are discussed below.) Because Gajadhar's claim is conclusory in nature, he has failed to prove his counsel's performance was objectively unreasonable.[3]

Gajadhar next claims that the United States failed to establish subject matter jurisdiction. This is because the Constitution only allows Congress to define and punish felonies committed on the high seas and according to Gajadhar, the Exclusive Economic Zone (EEZ) of Venezuela,

---

[2] Gajadhar also claims that his attorney did not speak Spanish. (Doc. 239-1). This is incorrect. The Court takes notice that Domingo Soto, an attorney in this Court for over 40 years, speaks fluent Spanish. Gajadhar also told the Court that his "English was fluent." (Doc. 248, p. 4).

[3] Gajadhar also states that his attorney failed to inform him of his right to appeal and that his attorney told him he could not appeal. The plea transcript indicates that the Court explained Gajadhar's appeal rights in detail. (Doc. 248, p. 9). But even so, assuming Mr. Soto failed to explain Gajadhar's appeal rights adequately, Gajadhar has failed to show any prejudice. Specifically, none of his claims that he currently asserts are denied based on procedural default and Gajadhar fails to point to any other claims he would have raised but for the default.

Moreover, Mr. Soto's statement to Gajadhar that he couldn't appeal was not objectively unreasonable. Gajadhar signed a plea agreement with an appeal waiver.

where he was arrested, is not within the high seas. Gajadhar argues that the United States' inclusion of the EEZ as part of the high seas violates "customary international law."

First, the Court notes that Gajadhar does not appear to argue that he was solely within the territorial waters of Venezuela when he was transporting the cocaine. In fact, the Court received unrebutted evidence at Gajadhar's sentencing hearing which established that while being tracked by law enforcement and then arrested, Gajadhar's vessel was outside the territorial waters of Venezuela. See, United State v. McPhee, 336 F. 3d 1269, 1273(11th Cir. 2003) ("The United States generally recognizes the territorial sea of foreign nations up to twelve nautical miles adjacent to recognized foreign coasts.") Specifically, the evidence established that the vessel was at least 20 nautical miles from Venezuela's Coast.

After Gajadhar filed his petition and the United States responded, the Court of Appeals for the Eleventh Circuit addressed the issue that Gajadhar raises. Specifically, the Eleventh Circuit rejected the argument that "customary international law" prohibits the United States from including the EEZ in its definition of high seas. United States v. Alfonso, 104 F.4th 815, 823 (11th Cir. 2024), cert. denied, 145 S. Ct. 2706, 221 L. Ed. 2d 969 (2025), and cert. denied sub nom. Rosario-Rojas v. United States, 145 S. Ct. 2706 (2025). Instead, the Eleventh Circuit held that "the EEZ is part of the 'high seas' for purposes of the Felonies Clause in Article I of the Constitution." Id. Therefore, Gajadhar's second claim is rejected.

Gajadhar also claims that the United States failed to establish statutory jurisdiction pursuant to 46 U.S.C. §70502(c)(1)(A), i.e. a vessel without nationality. Gajadhar bases this claim on his assertion that the Coast Guard did not inquire of the nationality of the vessel or the nationality of the persons on the vessel. The facts to which Gajadhar agreed in the factual resume when he pleaded guilty contradict this assertion. But more importantly, the United States did not

assert jurisdiction under §70502(c)(1)(A). Rather the United States asserted facts, to which Gajadhar agreed, which established that the vessel was subject to the jurisdiction of the United States §70502(c)(1)(C), i.e. the vessel was registered in Trinidad and Tobago, and it consented to the United States' jurisdiction over the vessel. (Doc. 248, p. 11). Therefore, Gajadhar's third claim is rejected.

Gajadhar's fourth claim is that his indictment should be dismissed because the United States violated Fed. R. Crim. P. 5(a) by a substantial delay in bringing him in front of a magistrate judge for an initial appearance. However, dismissal is not an available remedy for a violation of Rule 5. United States v. Carruthers, 458 F. App'x 811, 818 (11th Cir. 2012) ("The only remedy we have recognized for a violation of Rule 5 is the suppression of evidence obtained as a result of the violation.") (citation omitted). Gajadhar continues in his request for dismissal by alleging the United States also violated Fed. R. Crim. P. 5(b) by failing to timely file a criminal complaint.[4] Gajadhar recognizes that Rule 5(b) "stems from the Fourth Amendment's protection against unreasonable seizures..." (Doc. 239-1, p. 16). However, the Fourth Amendment would not provide a basis for dismissal since "the Fourth Amendment does not apply to searches and seizures (arrests) by the United States of a non-citizen/non-resident alien arrested in international waters or a foreign country." United States v. Cabezas-Montano, 949 F.3d 567, 593 (11th Cir. 2020) (emphasis omitted) (citation omitted).

Gajadhar also summarily states that his "rights under … the Due Process Clause of the Fifth Amendment were violated" by the delay. (Doc. 239-1, p. 17). As previously discussed, Gajadhar has failed to establish that his plea was tainted by ineffective assistance of counsel.

---

[4] Gajadhar alleges that a criminal complaint was not filed for 31 days. However, the record indicates that he was detained on December 10, 2022 and that a criminal complaint was filed on December 28, 2022.

Gajadhar has raised no other claim that would invalidate his plea. Thus, his valid plea waived any constitutional claim based on conduct that occurred before his plea. Class v. United States, 583 U.S. 174, 182, 138 S. Ct. 798, 805, 200 L. Ed. 2d 37 (2018) ("A valid guilty plea also renders irrelevant—and thereby prevents the defendant from appealing—the constitutionality of case-related government conduct that takes place before the plea is entered.").

Gajadhar also asserts that the United States' detention of him without access to protections of the American judicial system was outrageous government conduct warranting dismissal of the indictment. (Doc. 239-1, p. 17-18) Gajadhar was detained on December 10, 2022, a warrant was issued on December 28, 2022, and an initial appearance was held on January 6, 2023. Considering that Gajadhar had to be transported over 1300 miles to reach Miami, Florida, it is not "shocking to the universal sense of justice" that it took 25 days. Gajadhar has failed to support his claim of a Fifth Amendment due process violation with either law or facts.

According to Rule 11(a) of the Rules Governing Section 2255 Proceedings, a certificate of appealability must be issued or denied by a district court when an order adverse to the applicant is entered. 28 U.S.C. § 2255, Rule 11(a). An applicant can only appeal a district court's denial of his habeas corpus petition when a certificate of appealability has been issued. See 28 U.S.C. § 2253(c)(1). A certificate of appealability can only be issued when the applicant has made "a substantial showing of the denial of a constitutional right." Id. at § 2253(c)(2).

In reviewing the issues in accordance with the applicable standards, the Court concludes that reasonable jurists would not find the Court's decision on Gajadhar's claims wrong or debatable, and that none of the issues presented are adequate to deserve encouragement to further proceed. Gajadhar is not entitled to a certificate of appealability. Although Gajadhar did not

request a certificate of appealability, the request would be **DENIED**. Consequently, Gajadhar should not be allowed to proceed on appeal *in forma pauperis*.

For the above stated reasons, Gajadhar's Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255, (Doc. 239), is **DENIED**, and this action is **DISMISSED with prejudice**.

**DONE** and **ORDERED** this **9th day of September 2026**.

**s/ Kristi K. DuBose**
**KRISTI K. DuBOSE**
**UNITED STATES DISTRICT JUDGE**